UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANISHA MOORE, *pro se*,

        **MEMORANDUM AND ORDER**
        12-CV-2966 (DLI)(LB)

    Plaintiff,

    -against-

ANGIULI & GENTILE, LLP and
MARK FRIEDMAN, P.C.,

    Defendants.
-----------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Anisha Moore brings this action *pro se* seeking monetary damages against Angiuli & Gentile, LLP and Mark Friedman, P.C. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order, and dismisses the complaint for lack of subject matter jurisdiction, without prejudice to re-file in Surrogate's Court.

**I.    BACKGROUND**

On June 12, 2012, plaintiff filed a complaint alleging claims related to the existence and probate of the will of her now deceased mother, Pamela Anise Moore. Plaintiff states that her mother was represented by defendant law firm Angiuli & Gentile, LLP ("Angiuli & Gentile") for 15 years and, upon her mother's death, plaintiff went to Angiuli & Gentile with the death certificate to collect her mother's will. (*See* Compl., Doc. Entry No. 1.) Angiuli & Gentile did not have the will and, instead, provided plaintiff with monthly annuity payments from a structured settlement her mother entered into. (*Id.*) Along with the complaint, plaintiff filed a January 17, 2012 e-mail with attached letter correspondence between Angiuli & Gentile and

1

plaintiff's former counsel, defendant Mark Friedman ("Friedman"). (*See* Jan. 17, 2012 E-mail and Attached Letters, Compl., Doc. Entry No. 1.) On January 17, 2012, Angiuli & Gentile replied to a January 13, 2012 letter inquiry made by Friedman on behalf of plaintiff, requesting information relating to Pamela Anise Moore's estate documents, financial records or any other information contained in her file. In that letter, Angiuli & Gentile stated it never provided estate planning services for Pamela Anise Moore, but rather represented her in connection with a personal injury matter, resulting in a structured settlement for which Pamela Anise Moore was receiving payments at the time of her death. (*Id.*) Angiuli & Gentile further stated it met with plaintiff after her mother's death and provided her with information regarding the benefits she and her siblings would receive from the structured settlement. (*Id.*) Angiuli & Gentile added it had advised plaintiff that it never provided estate planning services for plaintiff's mother, did not possess any of her financial documents, and had received confirmation from Friedman that plaintiff was receiving a monthly payments of $500 from the structured settlement. (*Id.*) Plaintiff now files the instant action against Angiuli & Gentile and Friedman seeking "monetary gain." (*See* Compl., Doc. Entry No. 1.)

## II. LEGAL STANDARD

The Court is mindful that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F. 3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F. 3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678-79 (2009)). Every complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F. 3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. *Lyndonville Sav. Bank & Trust Co.*, 211 F. 3d at 701. Moreover, if subject matter jurisdiction is lacking, the action must be dismissed. *Id.* at 700-01 (citing *Bender,* 475 U.S. at 541). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F. 3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantine*, 541 F. 3d 75, 82 (2d Cir. 2008) (internal quotations omitted)). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs or interest. 28 U.S.C. § 1332(a).

### III. DISCUSSION

Even when interpreted liberally, the facts contained in plaintiff's complaint do not set forth a claim that invokes the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §

3

1331 or diversity jurisdiction pursuant to § 1332.  A plaintiff properly invokes federal question jurisdiction by pleading a colorable claim arising under the Constitution or laws of the United States.  *Arbaugh*, 546 U.S. at 513.  A claim invoking jurisdiction pursuant to § 1331, however, "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  *Id.* at 513 n.10.  Here, plaintiff fails to raise a substantial federal question.  The complaint alleges claims involving the existence and probate of plaintiff's mother's will.  Such claims are not federal questions and fall under the jurisdiction of the Surrogate's Court of the State of New York.

Moreover, diversity jurisdiction pursuant to § 1332 is lacking.  The Court need not address the citizenship of the parties, because plaintiff has not established to a "reasonable probability" that her claims are in excess of the statutory jurisdictional amount.  *See Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F. 3d 781, 784 (2d Cir. 1994).  The complaint does not clearly establish the specific actions for which she seeks redress from defendants or the precise amount of any obtainable damages sought.  However, it is clear that plaintiff's damages as pled, even when interpreted liberally, cannot exceed the $75,000 threshold required by § 1332.  Accordingly, this Court has no subject matter jurisdiction and the complaint is dismissed without prejudice to re-file in Surrogate's Court.

## CONCLUSION

The complaint is dismissed for lack of subject matter jurisdiction, without prejudice to re-file in Surrogate's Court, Kings County. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 9, 2012

                              /s/
                        DORA L. IRIZARRY
                 United States District Judge